**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| John F. Sullivan and Susan B. Sullivan, husband and wife,  )<br>)<br>Plaintiffs,  )<br>)<br>vs.  )<br>)<br>Pulte Home Corporation,  )<br>)<br>Defendant.  )<br>  ) | No. CV-10-663-PHX-DGC<br><br>**ORDER** |

Plaintiffs John and Susan Sullivan own a home in Phoenix, Arizona. The home is located in a hillside community surrounded by a long retaining wall. Defendant Pulte Home Corporation developed and built the community about a decade ago.

Plaintiffs filed suit against Defendant in state court on February 25, 2010. Dkt. #1-1 at 3-26. Plaintiffs allege that the retaining wall is failing due to improper grading and drainage in the community. The complaint asserts state law claims for fraud, negligence, and breach of implied warranty. Defendant removed the case to this Court on the basis of diversity jurisdiction. Dkt. #1.

Plaintiffs have filed a motion to remand. Dkt. #6. The motion is fully briefed. Dkt. ##9, 10. Oral argument has not been requested. For reasons stated below, the Court will grant the motion.

**I.    The Motion to Remand.**

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute[.]" *Kokkonen v. Guardian Life Ins. Co. of Am.*,

1  511 U.S. 375, 377 (1994).  Defendant asserts that the Court has subject matter jurisdiction
2  pursuant to 28 U.S.C. § 1332(a)(1), which confers jurisdiction to adjudicate cases where the
3  parties are citizens of different states and the amount in controversy exceeds $75,000.
4  Dkt. #1 at 2.

5        The complaint in this case does not demand a dollar amount.  Instead, Plaintiffs seek
6  the costs of investigation and repair "in an amount to be determined at trial."  Dkt. #1-1 at 26.
7  Defendant therefore "bears the burden of establishing, by a preponderance of the evidence,
8  that the amount in controversy exceeds [$75,000]."  *Sanchez v. Monumental Life Ins. Co.*,
9  102 F.3d 398, 404 (9th Cir. 1996); *see Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d
10  1089, 1090 (9th Cir. 2003).

11        The scope of the repairs in this case is currently unknown.  Defendant asserts that
12  repairs could range from some "minor repairs" to replacing the retaining wall and modifying
13  the home's foundation.  Dkt. #9 at 4.  Defendant notes that other homeowners have submitted
14  claims seeking between $14,000 and $100,000 for grading and drainage problems, and cite
15  to an arbitration award where the cost of installing a new retaining wall exceeded $80,000.
16  *Id.*  Defendants further assert that damages for the alleged diminished value of Plaintiffs'
17  home could be as high as $41,000, and an award of attorney fees could range anywhere from
18  $15,000 to $30,000.  *Id.* at 5-6.  Based on these figures, Defendant believes that the amount
19  in controversy "could easily exceed $75,000."  *Id.* at 4.

20        Such possibilities neither overcome the "strong presumption" against removal
21  jurisdiction, nor satisfy Defendant's burden of setting forth the "*underlying facts* supporting
22  its assertion that the amount in controversy exceeds [$75,000]."  *Gaus v. Miles, Inc.*,
23  980 F.2d 564, 567 (9th Cir. 1992) (emphasis in original); *see Valdez v. Allstate Ins. Co.*, 372
24  F.3d 1115, 1116-17 (9th Cir. 2004) (removal cannot be based upon mere information and
25  belief that the amount in controversy exceeds $75,000); *Haisch v. Allstate Ins. Co.*, 942 F.
26  Supp. 1245, 1249 (D. Ariz. 1996) (it would be "inherently speculative" to find the amount-
27  in-controversy requirement satisfied based on awards in other cases where the defendant
28  "failed to articulate why the particular facts that are alleged in the instant action might

warrant extraordinary . . . damages").

The removal statute, 28 U.S.C. § 1441(a), is to be strictly construed against removal. *Syngenta Crop Protection, Inc. v. Henson*, 537 U.S. 28, 32 (2002); *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108 (1941). This strong presumption against removal "means that the defendant always has the burden of establishing that removal is proper." *Gaus*, 980 F.2d at 566. Defendant has failed to meet its burden. The Court, therefore, will remand the case for lack of subject matter jurisdiction. 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."); *see also Valdez*, 372 F.3d at 1118 ("If the district court determines that it is sufficiently doubtful that the amount-in-controversy requirement has been met and thus that federal subject matter jurisdiction is lacking, the district court should . . . remand to state court."); *Matheson*, 319 F.3d at 1090 ("Where doubt regarding the right to removal exists, a case should be remanded to state court.").

## II.     The Requests for Attorney Fees and Sanctions.

Plaintiffs seek an award of attorney's fees and costs under 28 U.S.C. § 1447(c) (Dkt. #6 at 7-8), and the imposition of sanctions under Rule 11 of the Federal Rules of Civil Procedure (*id.* at 9). The Court will award reasonable attorney fees and costs under § 1447(c) and deny the request for Rule 11 sanctions.

Section 1447(c) provides that a remand order "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). Defendant removed based on its speculative belief that the amount in controversy could exceed $75,000. Dkt. #1 at 2. Defendant presented few facts specific to this case to support the Court's exercise of jurisdiction. Dkt. #9 at 4-6. This Circuit has made clear that removal cannot be based simply upon mere belief that the amount in controversy exceeds $75,000. *Valdez*, 372 F.3d at 1116-17; *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 375 (9th Cir. 1997). The Court finds that Defendant "had no objectively reasonable basis for removal." *Patel v. Del Taco, Inc.*, 446 F.3d 996, 999 (9th Cir. 2006). The Court, pursuant to 28 U.S.C. § 1447(c), will award Plaintiffs reasonable attorney fees and costs

incurred as a result of the improper removal. Given this ruling, the Court will deny the request for Rule 11 sanctions.

**III.    The Request for Summary Ruling.**

Pursuant to Local Rule of Civil Procedure 7.2(i), Plaintiffs seek a summary ruling on their motion to remand on the ground that Defendant failed to file a timely response. Dkt. #8. Defendant had three additional days, beyond the 14 days provided by Local Rule 7.2(c), to file its response. *See* Fed. R. Civ. P. 6(d). The request for summary ruling will be denied.

**IT IS ORDERED:**

1. Plaintiffs' request for summary ruling (Dkt. #8) is **denied**.
2. Plaintiffs' motion to remand (Dkt. #6) is **granted**.
3. Plaintiffs' request for an award of attorney fees and costs pursuant to 28 U.S.C. § 1447(c) is **granted**. The request for Rule 11 sanctions is **denied**.
4. The parties shall attempt in good faith to determine the reasonable amount of attorneys' fees and cost incurred as a result of removal. If the parties agree on that amount, they shall file a stipulation with the Court. If they are unable to agree despite good faith efforts, Plaintiffs shall, by **July 9, 2010**, file a motion for attorney fees pursuant to Local Rule 54.2. A response will be due by **July 23, 2010**, and the reply by **July 30, 2010**.
5. The Clerk is directed to **remand** this action to state court.

DATED this 22nd day of June, 2010.

David G. Campbell
United States District Judge

- 4 -