**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| John F. Sullivan and Susan B. Sullivan, husband and wife,<br><br>　　　　Plaintiffs,<br><br>vs.<br><br>Pulte Home Corporation,<br><br>　　　　Defendant. | No. CV-10-663-PHX-DGC<br><br>**ORDER** |

Defendant improperly removed this action on the basis of diversity jurisdiction. Doc. 1. In its order remanding the case to state court, the Court granted Plaintiffs' request for an award of attorneys' fees under 28 U.S.C. § 1447(c). Doc. 13; *see* Doc. 6 at 7-8. As directed by the Court (Doc. 13 at 4), Plaintiffs have filed a separate motion for attorneys' fees and supporting documentation (Doc. 14). The motion is fully briefed. Docs. 15, 16. Oral argument has not been requested. For reasons stated below, the Court will grant the motion in part.

Section 1447(c) provides that a remand order "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). The Court found in its remand order that an award of fees is appropriate because Defendant "'had no objectively reasonable basis for removal.'" Doc. 13 at 3 (citation omitted). Defendant contends that an award of fees would be improper because a pro se litigant who is also an attorney, like Mr. Sullivan in this case, has not incurred any actual expenses as a result of removal. Doc. 15 at 3-4. But Defendants did not make this argument

in response to Plaintiffs' initial request for an award of fees, arguing instead that no fees should be awarded because Defendant had a good faith basis for removal. Doc. 9 at 7. The Court found otherwise (Doc. 13 at 3), and will not consider Defendant's newly-asserted argument (Doc. 15 at 3-4). *See* LRCiv 7.2(g)(1) (a motion for reconsideration will be denied "absent a showing of manifest error or a showing of new facts or legal authority that could not have been brought to [the Court's] attention earlier with reasonable diligence"); *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (a motion for reconsideration "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation").

It is worth noting that "[t]he process of removing a case to federal court and then having it remanded back to state court delays resolution of the case, imposes additional costs on both parties, and waste judicial resources." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 140 (2005). "Assessing costs and fees on remand reduces the attractiveness of removal as a method for delaying litigation and imposing costs on the plaintiff." *Id.* This Circuit has rejected a narrow interpretation of section 1447(c), holding that the district court may "award fees in certain cases, such as contingent fee or pro bono cases, where the client has not actually 'incurred' the obligation to pay her attorneys' fees." *Gotro v. R & B Realty Group*, 69 F.3d 1485, 1487 (9th Cir. 1995); *see Albion Pac. Prop. Res., LLC v. Seligman*, 329 F. Supp. 2d 1163, 1166 (N.D. Cal. 2004) ("An overemphasis on the 'actual expenses' phrase in section 1447(c) would, as *Gotro* noted, deny to a contingent fee plaintiff recovery for an improper removal."); *Williams v. Beemiller, Inc.*, No. 05-CV-836S(F), 2010 WL 891001, at *1-2 (W.D.N.Y. Mar. 10, 2010) (citing cases treating attorneys' time for which they have not been paid as "actual expense" under section 1447(c)). The Court finds that an award of fees for the improper removal is appropriate in this case even if Mrs. Sullivan is not contractually or otherwise obligated to pay attorney's fees to her husband.

Plaintiffs request a fee award in the total amount of $4,050. Doc. 14 at 3; Doc. 14-1 at 5-6. The Court agrees with Defendant that the fees incurred in researching the Court's CM/ECF system ($525), in preparing the response to the motion to dismiss ($1,150), and in

1 preparing the motion for summary ruling ($125), are fees that should be excluded from the
2 award under section 1447(c).  The Court, therefore, will exercise its discretion under section
3 1447(c) and award Plaintiffs fees in the amount of $2,250.

**IT IS ORDERED:**

1. Plaintiffs' motion for attorneys' fees (Doc. 14) is **granted in part** and **denied in part**.
2. Plaintiffs, pursuant to 28 U.S.C. § 1447(c), are awarded attorneys' fees in the amount of **$2,250.00**.

DATED this 15th day of September, 2010.

*David G. Campbell*
United States District Judge